---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-32-JST (RNBx)                    Date:  January 31, 2011
Title:  Southland Homes Real Estate/Investment LLC v. Thai T. Lam, et al.

---

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

  Ellen Matheson                                         N/A   
Deputy Clerk                                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                         Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**


This action was removed to federal court on January 6, 2011.  However, it appears that removal may be improper because the Court may lack subject matter jurisdiction.  First, Defendant Nguyen appears to have improperly requested a 28 U.S.C. § 1443 civil rights removal.  This removal requires that the petitioner be denied a right under federal law "providing for specific civil rights stated in terms of racial equality" and that "the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).  "This provision normally requires that the 'denial be manifest in a formal expression of state law…." *Id.* (citing *Rachel*, 384 U.S. at 803).  Defendant Nguyen has not demonstrated that his federal rights are being denied based on such a state law.

Defendant Nguyen's removal also appears to be improper for the reason(s) opposite the boxes checked:

[  ]   Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, but it appears that the claims may not "arise under" federal law.

[  ]   Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on grounds of the artful pleading doctrine, but the claims do not appear to be completely preempted.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-32-JST (RNBx)                     Date:  January 31, 2011
Title:  Southland Homes Real Estate/Investment LLC v. Thai T. Lam, et al.

[ ]     Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. §
        1332(a), but all plaintiffs are not diverse from all defendants.  *See
        Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

[ ]     Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. §
        1332, but the pleadings set forth the residence, rather than the citizenship,
        of some of the parties.  Diversity is based on citizenship.

[ x ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. §
        1332, but the pleadings fail to allege the citizenship of some of the parties.

[ ]     Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. §
        1332.  A partnership, limited liability company, or other unincorporated
        association is joined as a party.  The Court must consider the citizenship of
        each of the members or partners, including limited partners.  *See generally
        Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) (partnership); *United
        Steelworkers of Am., AFL-CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145 (1965)
        (labor union); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894
        (9th Cir. 2006) (limited liability company); *Rockwell Int'l Credit Corp. v.
        U.S. Aircraft Ins. Grp.*, 823 F.2d 302 (9th Cir. 1987), *overruled on other
        grounds by Partington v. Gedan*, 923 F.2d 686, 687 (9th Cir. 1991)
        (unincorporated association).  The citizenship of each of the entity's
        partners or members has not been sufficiently alleged.

[ ]     Removal is on the basis of diversity jurisdiction pursuant to 28
        U.S.C. § 1332.  Some of the parties are corporations.  The respective
        state(s) of incorporation and principal place of business have not been
        properly alleged.  28 U.S.C. § 1332(c).

[ ]     Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. §
        1332, one or more of the parties is named in a representative capacity, and
        the citizenship of the represented person is not alleged or appears not to be
        diverse.  28 U.S.C. § 1332(c)(2).

[ ]     Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. §

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-32-JST (RNBx)                    Date:  January 31, 2011
Title:  Southland Homes Real Estate/Investment LLC v. Thai T. Lam, et al.
_____

1332, but defendants fail to allege the existence of diversity jurisdiction both at the time the action was commenced and at the time of removal.  *See Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

[  ]    Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but the amount in controversy may not exceed $75,000.  The notice of removal is deficient because the amount of damages plaintiff seeks is unclear from the complaint and, therefore, defendant bears the burden of proving facts to support a finding that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  A "mere averment" that the amount in controversy exceeds $75,000 is insufficient.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

[  ]    Plaintiff affirmatively alleges that the amount in controversy is $75,000 or less and, therefore, the defendant bears the burden of proving to a legal certainty that the amount in controversy exceeds $75,000.  *See generally Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007).

[  ]    Removal is on the basis of diversity jurisdiction in a class action pursuant to 28 U.S.C. § 1332(d).  The Notice of Removal is deficient because:

   [  ]    the total claims of individual class members do not appear to exceed $5,000,000 in the aggregate, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2), (6).  Specifically:

      [  ]    the amount of damages plaintiffs seek is unclear from the complaint and, therefore, defendant bears the burden of proving facts to support a finding that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence.  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007).  A "mere averment" that the amount in controversy exceeds $5,000,000 is insufficient.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  Neither does an allegation based on information and belief constitute proof

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-32-JST (RNBx)                    Date:  January 31, 2011
Title:  Southland Homes Real Estate/Investment LLC v. Thai T. Lam, et al.

by a preponderance of the evidence.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

[   ]     plaintiffs affirmatively allege that the amount in controversy is $5,000,000 or less and, therefore, the defendant bears the burden of proving to a "legal certainty" that the amount in controversy actually exceeds $5,000,000.  *Lowdermilk*, 479 F.3d at 1000.  Calculations based on unsupported assumptions are not sufficient.  *Id.* at 1001.  The defendant should substantiate its calculations with "concrete evidence" so that the amount in controversy can be estimated with certainty.  *Id.*

[   ]     the pleadings fail to allege that any member of a plaintiff class is a citizen of a state different from any defendant, that any member of a plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a state, or that any member of a plaintiff class is a citizen of a state and any defendant is a citizen or subject of a foreign state.  28 U.S.C. § 1332(d)(2).

[   ]     it appears that two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed; the plaintiff class seeks significant relief from a defendant who is a citizen of that state and whose alleged conduct forms a significant basis for the claims; principal injuries were incurred in that state; and no related class action has been filed within the preceding three years.  28 U.S.C. § 1332(d)(4)(A).

[   ]     it appears that two-thirds or more of the members of all proposed plaintiff classes in the aggregate and all of the primary defendants are citizens of the state in which the action was originally filed.  28 U.S.C. § 1332(d)(4)(B).

[   ]     it appears that the primary defendants are states, state officials, or other governmental entities.  28 U.S.C. § 1332(d)(5)(A).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-32-JST (RNBx)                              Date:  January 31, 2011
Title:  Southland Homes Real Estate/Investment LLC v. Thai T. Lam, et al.

_____

[   ]   it appears that the total number of members of all proposed plaintiff classes is less than 100.  28 U.S.C. § 1332(d)(5)(B).

[   ]   the action appears to involve solely securities claims or claims relating to corporate governance as described in 28 U.S.C. § 1332(d)(9).

[   ]   the action involves an unincorporated association, but its principal place of business has not been established.  28 U.S.C. § 1332(d)(10).

[   ]   Removal is on the basis of diversity jurisdiction in a class action pursuant to 28 U.S.C. § 1332(d).  The Court may decline to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) because it appears that greater than one-third but less than two-thirds of the members of all plaintiff classes in the aggregate and the primary defendants are citizens of California and one or more of the following applies:

[   ]   the claims asserted do not involve matters of national or interstate interest. 28 U.S.C. § 1332(d)(3)(A).

[   ]   the claims asserted will be governed by California law.  28 U.S.C. § 1332(d)(3)(B).

[   ]   the class action has been pleaded in a manner that seeks to avoid federal jurisdiction.  28 U.S.C. § 1332(d)(3)(C).

[   ]   the forum in which the action was brought has a distinct nexus with the class members, the alleged harm, or the defendants.  28 U.S.C. § 1332(d)(3)(D).

[   ]   the number of California citizens among all plaintiff classes in the aggregate is substantially larger than the number of citizens of any other state, and the citizenship of the other members is dispersed among a substantial number of states.  28 U.S.C. § 1332(d)(3)(E).

[   ]   no related class action has been filed during the preceding three

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-32-JST (RNBx)                    Date:  January 31, 2011
Title:  Southland Homes Real Estate/Investment LLC v. Thai T. Lam, et al.

years.  28 U.S.C. § 1332(d)(3)(F).

[  ]   The Court notes the following potential procedural defect(s):

    [  ]   not all served defendants have joined in the notice of removal.  *See* 28 U.S.C. § 1441(a); *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

    [ x ]   the removing defendant(s) did not attach to the notice of removal a copy of all process, pleadings, and orders served on the defendant(s).  28 U.S.C. § 1446(a).

    [  ]   the removing defendant(s) did not file a copy of the notice of removal with the clerk of the state court.  28 U.S.C. § 1446(d).

    [ x ]   the notice of removal was filed more than thirty days after the date of service of the initial pleading or the date on which defendant first had notice of removability.  28 U.S.C. § 1446(b).

    [  ]   removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the case was not initially removable, and the notice of removal was filed more than one year after commencement of the action.  28 U.S.C. § 1446(b); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998).

    [  ]   removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but one of the defendants is a California citizen.  28 U.S.C. § 1441(b).

    [ x ]   the removing party has failed to allege the date on which service was effectuated and/or failed to allege which defendants were served.

[  ]   Other:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-32-JST (RNBx)                              Date:  January 31, 2011

Title:  Southland Homes Real Estate/Investment LLC v. Thai T. Lam, et al.

   Accordingly, the Court orders defendant(s) to show cause in writing no later than February 7, 2011 why this action should not be remanded for the reasons noted above.  If defendant(s) require(s) additional discovery to establish the citizenship of one or more plaintiff(s) or other defendant(s), defendant(s) may request additional time to engage in jurisdictional discovery, provided that such a request is made on or before the above deadline.  This deadline shall not extend the time for responding to any motion for remand filed by plaintiff(s).  The Court notes that plaintiff(s) must submit a response within 30 days of the date of removal if the defects are procedural and plaintiff(s) object(s) and request(s) remand.  *See* 28 U.S.C. § 1447(c).  Failure of defendant(s) to respond by the above date will result in the Court remanding this action to state court.

Initials of Preparer:  <u>enm</u>